```
 1  LAWRENCE G. BROWN
    United States Attorney
 2  KIMBERLEY A. SANCHEZ
    DEANNA L. MARTINEZ
 3  Assistant U.S. Attorneys
    4401 Federal Building
 4  2500 Tulare Street
    Fresno, California 93721
 5  Telephone: (559) 497-4000
    Facsimile: (559) 497-4099
 6
 7
 8              IN THE UNITED STATES DISTRICT COURT
 9             FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,    )   1:09-CR-00298- OWW
                                 )
12          Plaintiff,           )   APPLICATION FOR ORDER
                                 )   REGARDING CRIMINAL FORFEITURE
13      v.                       )   OF PROPERTY IN GOVERNMENT
                                 )   CUSTODY - 18 U.S.C. §
14  MICHAEL COFFEE, and          )   983(a)(3)(B)(ii)(II)
    DONALD MONACO,               )
15                               )
            Defendants.          )
16  _____)
```

17     The United States of America, through its counsel, hereby
18 moves for an order allowing the government to maintain custody of
19 property already in the government's possession pending the
20 resolution of a criminal forfeiture matter.  The grounds for the
21 motion are as follows:
22     On or about July 30, 2009, agents with the Bureau of
23 Alcohol, Tobacco, Firearms and Explosives ("ATF") executed a
24 federal search warrant at 1402 Oakwood Drive in Modesto,
25 California.  The agents seized the following asset during the
26 execution of the search warrant:
27     a)  Approximately $23,000.00 in U.S. Currency seized from a
           safe located at 1402 Oakwood Drive in Modesto,
28         California.

Hereinafter, the above-referenced asset is referred to as the "seized asset."

On August 6, 2009, the Grand Jury returned an Indictment containing forfeiture allegations that include the above-described asset. The Indictment alleges that the above-described asset is subject to forfeiture pursuant to 21 U.S.C. § 853.

The applicable forfeiture statute in this case is 21 U.S.C. § 853. That statute provides several methods for preserving property for the purpose of criminal forfeiture. One such provision authorizes a court upon the filing of an indictment charging an offense for which forfeiture may be ordered and alleging that specific property would, in the event of conviction, be subject to forfeiture to "take any other action to preserve the availability" of such property. *See* 21 U.S.C. § 853(e)(1)(A). Such restraining orders may be entered *ex parte*. And, in entering the order, the Court may rely on the grand jury's return of an indictment specifying that the property shall, upon conviction, be subject to forfeiture to the United States. *See, e.g., United States v. Jamieson*, 427 F.3d 394, 405-06 (6th Cir. 2005) (initial issuance of restraining order under Section 853(e)(1)(A) may be *ex parte* and based on grand jury's finding of probable cause).

The government contends here that the "take any other action to preserve the availability" of property provision of Section 853(e)(1)(A) applies in circumstances where, as here, the government has already obtained lawful custody of the assets pursuant to a federal search warrant, and the government seeks to continue to maintain custody of such assets pending further

criminal forfeiture proceedings.  Accordingly, pursuant to Section 853(e)(1)(A) of Title 21, the United States respectfully moves this court to issue an *ex parte* order based on the grand jury's finding of probable cause that directs that the United States may maintain custody of the seized asset through the conclusion of the pending criminal case.

DATED: 10/15/2009                    LAWRENCE G. BROWN
                                     United States Attorney

                                     /s/ Deanna L. Martinez
                                     DEANNA L. MARTINEZ
                                     Assistant U.S. Attorney

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case.  For the reasons provided in the government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the Bureau of Alcohol, Tobacco, Firearms and Explosives are authorized to maintain and preserve the following asset until the conclusion of the instant criminal case, or pending further Order of this Court:

   a)   Approximately $23,000.00 in U.S. Currency seized from a
        safe located at 1402 Oakwood Drive in Modesto,
        California.

   IT IS SO ORDERED.

DATED: October 21, 2009              /s/ OLIVER W. WANGER
                                     OLIVER W. WANGER
                                     United States District Judge